**Sandra PERSON–GAINES,**
**Claimant/Appellant,**

v.

**PEPCO HOLDINGS, INC.,**
**Employer/Appellee.**

No. 282, 2009.

Supreme Court of Delaware.

Submitted: Sept. 9, 2009.
Decided: Sept. 28, 2009.

Michael D. Bednash, Kimmel, Carter, Roman, & Peltz, P.A., Newark, Delaware for claimant/appellant.

Elizabeth A. Saurman, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware for employer/appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

STEELE, Chief Justice.

Sandra Person–Gaines appeals from the judgment of the Superior Court affirming the Industrial Accident Board's decision denying her petition for additional work-related injury compensation.[1] The IAB limited Person–Gaines to previously accepted benefits based on a 10% permanent impairment to her lumbar spine and a 2.5% permanent impairment to her lower back. Person–Gaines contends that the Superior Court erred because the Board's decision was not supported by substantial evidence. Because her petition and the expert testimony failed to establish any additional permanent impairment related to her 1988 work injury, we also AFFIRM.

*Factual and Procedural Background*

Person–Gaines sustained a work-related injury to her low back in March 1988 and began receiving benefits in 1993. In July 2007, Person–Gaines petitioned the Board for additional compensation for a 17% permanent impairment to her lumbar spine. At the hearing, the IAB heard testimony from two medical experts—Dr. Pierre LeRoy and Dr. John Townsend, III.

Dr. LeRoy testified for Person–Gaines. He opined that the current permanent impairment to her lumbar spine was 13–17% but would have been around 5% in 1997. He noted that she previously had problems on the left side but was now experiencing symptoms on both sides. He testified that her MRIs showed deteriorating spinal herniations, stenosis, and scar tissues and concluded the progressing nature of her condition merited a finding for increased benefits.

Dr. Townsend testified for Pepco. At Pepco's request, he saw Person–Gaines on several occasions to monitor her medical

<hr/>

1. The hearing was held on March 12, 2008 by a Workers' Compensation Hearing Officer, in

accordance with 19 *Del. C.* 2301(B)(a)(4).

status. He concluded the current permanent impairment to her lumbar spine was 15%. Although Dr. Townsend agreed the current rating was higher than the 1993 rating, he disagreed with Dr. LeRoy's conclusion that the increasing impairment correlated to her 1988 injury. Rather, he suggested two lines of reasoning for the impairment increase: (1) changes in the AMA guidelines falsely inflated Person–Gaines permanent impairment rating and (2) congenital, degenerative factors exacerbated the condition of her spine.

The Board accepted the opinion of Dr. Townsend, rejected the opinion of Dr. LeRoy, and held that Person–Gaines had not met the burden of proving that she sustained additional permanent impairment because of the 1988 work accident.

### Standard of Review

■ Upon review of a decision, we examine the record for errors of law and determine whether substantial evidence exists to support the Board's finding of fact and conclusions of law.[2] Substantial evidence equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] On appeal, this Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[4] Errors of law are reviewed *de novo.* Absent error

of law, the standard of review for a Board's decision is abuse of discretion.[5] The Board has abused its discretion only when its decision has "exceeded the bounds of reason in view of the circumstances."[6]

### Discussion

■ On appeal, Person–Gaines reiterates her position that the Board's decision was not supported by substantial evidence. Specifically, she characterizes the Board's decision as inconsistent and argues that the Board erred by denying additional compensation while relying on the opinion of Dr. Townsend, who testified she had an increase in permanent impairment.

■ The only issue before us is whether there is substantial evidence to support the Board's finding. An IAB decision stands unless no substantial evidence supports it.[7] Furthermore, the IAB may adopt the opinion testimony of one expert over another; and that opinion, if adopted, will constitute substantial evidence for purposes of appellate review.[8] Similarly, the IAB may accept or reject an expert's testimony in whole or in part.[9]

The issue before the Board was whether Person–Gaines had increased permanent impairment causally related to the 1988

---

**2.** *Stanley v. Kraft Foods, Inc.,* 2008 WL 2410212, at *2 (Del.Super.Mar.24, 2008) (citing *Histed v. E.I. DuPont de Nemours & Co.,* 621 A.2d 340, 342 (Del.1993)).

**3.** *Olney v. Cooch,* 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Federal Mar. Comm'n,* 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)).

**4.** *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66–67 (Del.1965).

**5.** *Stanley,* 2008 WL 2410212, at *2 (citing *Digiacomo v. Bd. of Pub. Educ.,* 507 A.2d 542, 546 (Del.1986)).

**6.** *Id.* (citing *Willis v. Plastic Materials Co.,* 2003 WL 164292, *1 (Del.Super.Jan.13, 2003)).

**7.** *See Johnson v. Chrysler Corp.,* 213 A.2d 64, 67 (Del.1965).

**8.** *Bolden v. Kraft Foods,* 2005 WL 3526324, at *4 (Del. Dec.21, 2005) (TABLE) (citing *Reese v. Home Budget Center,* 619 A.2d 907, 910 (Del.1992)).

**9.** *Lewis v. Formosa Plastics Corp.,* 1999 WL 743322, at *3 (Del.Super. July 8, 1999).

work injury. The Board concluded that there was an increased permanent impairment, but that that increase was not attributable to the 1988 injury. In arriving at this conclusion, the Board relied upon the testimony of Dr. Townsend who agreed that Person–Gaines' current impairment rating was higher than the 1993 rating but not because of the 1988 work injury.

After examining the record, we find no reason to disagree with the findings of the IAB or the well reasoned opinion of the Superior Court. The record shows that the IAB's decision was consistent with Dr. Townsend's testimony. Likewise, the record shows substantial evidence supported the IAB's conclusion that Person–Gaines's increased impairment was not related to the 1988 work injury.

The Superior Court judge found that Person–Gaines's characterization of the IAB's decision failed to consider Dr. Townsend's *complete* testimony. In his testimony, Dr. Townsend acknowledged an increase in the permanent impairment of Person–Gaines's lumbar spine; however, he attributed that increase to changes in the AMA guidelines or congenital, degenerative factors and not the 1988 work accident. The IAB's decision that Person–Gaines suffered from an increased permanent impairment not related to the 1988 work injury is entirely *consistent* with Dr. Townsend's testimony.

Also, the Superior Court judge pointed out that the IAB chose Dr. Townsend's testimony over Dr. LeRoy's testimony. The IAB viewed Dr. LeRoy's opinion as unreliable because he did not provide specific examples or medical records showing an objective change in Person–Gaines' symptoms justifying an increased permanent impairment rating. Furthermore, Dr. LeRoy opined that Person–Gaines had a 5% permanent impairment to her lumbar spine when she was already receiving benefits based on a 10% permanent impairment. Dr. LeRoy's unreliable, unsupported opinion persuaded the IAB to choose Dr. Townsend's testimony as the basis for its decision; and substantial evidence supports that choice.

### *Conclusion*

Because the record shows the IAB's findings of fact were based on expert testimony it deemed reliable and those findings were supported by substantial evidence, the judgment of the Superior Court is AFFIRMED.