# IN THE SUPERIOR COURT OF STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

THOMAS F. HEGLUND,      )
                                  )
     Claimant Below – Appellant,   )
                                  )
     v.                      )     C.A. No. N15A-01-009 ALR
                                  )
AFL NETWORK SERVICES,    )
                                  )
     Employer – Appellee.    )

Submitted: July 2, 2015
Decided: July 23, 2015

## MEMORANDUM OPINION

*On Appeal from Decision of the Industrial Accident Board* — **REVERSED**

Gary S. Nitsche, Esquire and Samuel D. Pratcher, II, Esquire, Weik, Nitsche, Dougherty & Galbraith, Attorneys for Claimant Below – Appellant

Linda Wilson, Esquire, Marshall, Dennehy, Warner, Coleman & Goggen, Attorney for Employer Below – Appellee

**ROCANELLI, J.**

On March 29, 2004, Thomas F. Heglund ("Appellant") suffered a cervical spine injury while working for his employer, AFL Network Services ("Employer"). After the work injury, Appellant had two cervical spine surgeries, on June 17, 2004 and November 16, 2011, to treat his injuries.[1] Appellant was compensated by his employer for a thirty percent permanent impairment of the neck, a ten percent permanent impairment of the upper extremity, and for disfigurement of the neck.

The first surgery after the work-related injury was on June 17, 2004, in which Appellant had a cervical fusion involving the C5 and C6 corpectomy (surgical approach was anterior and posterior), C4-C7 interbody fusion, C4-C7 segmental instrumentation, local autograft and removal of the anterior cervical plate. Appellant also received injections.

Sometime after the 2004 surgery, Appellant developed increasing pain in the neck and posterior headaches that included pain in both shoulders and down the arms. Appellant's doctor, Dr. Rastogi, recommended against additional surgery on multiple occasions. Appellant continued to experience chronic neck and bilateral arm pain.

---

[1] Prior to the work injury at issue here, Appellant had surgery on April 3, 2002. Appellant's 2002 surgery consisted of a C7 anterior cervical discectomy, a C6-7 interbody fusion, a right structural iliac crest bone graft, and anterior cervical plating. Appellant was symptom-free after the 2002 surgery.

Dr. Bose, a board-certified neurosurgeon, began treating Appellant on November 15, 2010 for chronic pain. Dr. Bose concluded additional surgery was necessary to reduce Apellant's need for medication, to realign his spine, and to improve kyphosis. On November 16, 2011, Dr. Bose performed decompression and fusion surgery at C3-4 and at C7-T1.

Appellant was doing well shortly after the 2011 surgery. However, Appellant began to report pain in his right shoulder, pain in his left side, pain worsening in time and functional ability decreasing. Appellant reported that physical therapy was not helping and continued to feel worsening and new pain in the neck and arm areas. Also, it was necessary for Appellant to take a significant amount of pain medication.

Dr. Bose recommended additional surgery to treat Appellant's chronic and worsening pain. Appellant sought compensation for this surgery through his Employer. His Employer opposed payment for the additional surgery.

Appellant filed a Petition for Additional Compensation with the Industrial Accident Board. On September 19, 2013, a hearing was held before a Workers' Compensation Hearing Officer, sitting in place of the Industrial Accident Board ("Board") pursuant to 19 *Del. C.* § 2301(B) by stipulation. The Decision on Petition to Review Additional Compensation Due was issued November 6, 2013 ("Board Decision"). An appeal followed. By Opinion and Order dated July 3,

2014, this Court reversed the Board Decision's conclusion that the proposed additional surgery was not reasonable and necessary because this conclusion was inconsistent with the record findings set forth in the Board Decision. The matter was remanded to the Hearing Officer for consideration of conclusions consistent with the factual findings set forth in the Board Decision.

Without supplementing the factual record, the Hearing Officer again denied additional compensation even though such a conclusion is inconsistent with the Board's own findings. Specifically, despite the Board Decision's findings that the additional proposed surgery will, in part, fix screws that may need to be tightened or replaced and agreement between the doctors that loose screws should be surgically addressed, the Board Decision concluded that the proposed additional is not reasonable or necessary. This appeal followed.

In reviewing a Board decision, the Court must determine whether substantial evidence exists to support the Board's findings.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court does not make its own factual findings, weigh the evidence or determine questions of credibility.[4]

---

[2] *Patterson v. Red Clay Consol. Sch. Dist.*, 2013 WL 4522167, at *3 (Del. Super. June 28, 2013).
[3] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1160 (Del. 2009).
[4] *Id.*

3

The Board Decision's conclusion that the proposed surgery to repair the T2 screws and C6 screw was not reasonably necessary does not logically follow the factual findings. Specifically, the Board Decision accepted Dr. Bose's opinions that the T2 and C6 screws were loose, that the loose screws contribute to Appellant's pain, that surgical tightening and/or replacement of those screws is required and is reasonable and necessary to reduce Appellant's pain. Moreover, the Board Decision recognized that Dr. Rushton's review of the T2 and C6 diagnostic results was consistent with Dr. Bose's opinion. Nevertheless, the Board Decision concludes that, although Appellant requires surgery to fix the screws, the proposed surgery is not a reasonable or necessary approach to correcting such problems if they exist. This conclusion is inconsistent with the findings set forth in the Board Decision.

**NOW, THEREFORE,** the Court **REVERSES** the Board Decision's conclusion that the proposed additional surgery is not reasonable and necessary because this conclusion is inconsistent with the record findings set forth in the Board Decision. The Court **REMANDS** the Board's Decision to the Board with instructions to provide Appellant additional compensation for the additional surgery consistent with the Board's own findings that the T2 and C6 screws were loose, that the loose screws contribute to Appellant's pain, that surgical tightening

4

and/or replacement of those screws is required and is reasonable and necessary to reduce Appellant's pain.

**IT IS SO ORDERED this 23rd day of July, 2015.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

5