# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CARMEN BALL,              )
                                )
      Claimant-Appellant,   )
                                )
        v.               ) C.A. No.: N15A-01-004 CLS
                                )
PRINCE TELECOM,      )
                                )
      Employer-Appellee.   )
                                )

On Appeal from the Industrial Accident Board.
**AFFIRMED.**

## ORDER

Heather A. Long, Esq., Kimmel, Carter, Roman, Peltz & O'Neill, P.A., 56 West Main Street, Christiana, Delaware 19702. Attorney for Claimant-Appellant.

Christopher T. Logullo, Esq., Chrissinger & Baumberger, 3 Mill Road, Wilmington, Delaware 19806. Attorney for Employer-Appellee.

**Scott, J.**

On this 30th day of October, 2015, upon consideration of the Appellant Carmen Ball's ("Ms. Ball") appeal from a decision of the Industrial Accident Board ("the Board"), it appears to the Court that:

1. Ms. Ball was injured in a compensable work injury on January 11, 2012, while employed with Prince Telecom ("Employer"). As a result of her work injury, Ms. Ball began treating with Dr. Joseph Richards of Rehabilitation Associates of the Main Line. The parties agree that Dr. Richards is an out-of-state provider and is not a certified provider under the Delaware Health Care Practice Guidelines.[1]

2. As part of her treatment plan, Ms. Ball received injections provided by Dr. Richards in March and April 2014. Employer denied payment of these bills on the basis that Ms. Ball has reached her maximum medical improvement and no further treatment was authorized.[2] At the Board hearing, Employer asserted two bases for denial of the claims at issue: (1) Ms. Ball was examined by Employer's medical expert in January 2014, who opined that Ms. Ball needed no further medical care because she was at her maximum medical improvement; and (2) pursuant to the ruling in *Wyatt v. Rescare Home Care*,[3]

---

[1] *See* Claimant-Appellant's Opening Br. At 2, 8; *see* Employer-Appellee's Answering Br. at 1.
[2] *See* the Board's September 26, 2014 Order.
[3] 81 A.3d 1253 (Del. 2013).

treatment by a non-certified provider is not payable unless it is pre-authorized, and no further treatment had been authorized in Ms. Ball's case.[4]

3. The Board found that Employer's denial of Ms. Ball's claims were proper because employers cannot send bills to Utilization Review for treatment performed by a non-certified provider. The Board held that, under the Delaware Healthcare Payment System, when Utilization Review is unavailable, an employer need only deny payment. Furthermore, the Board held that a claimant's remedy where such denial is disputed is to file a Petition to Determine Additional Compensation Due. On appeal, Ms. Ball argues that the Board's decision should be reversed and remanded because Employer's first reason for termination is invalid, and that its second reason for termination cannot be considered because it was proffered more than 30 days after Employer's denial of Ms. Ball's claims.

4. The Court's review of a Board decision is limited to whether the Board's findings were supported by substantial evidence and whether the decision is free from legal error.[5] Where substantial evidence supports the Board's conclusions, the Court will not disturb that conclusion absent an error of law.[6] Substantial evidence is "such relevant evidence as a reasonable mind might

---

[4] *See* the Board's September 26, 2014 Order.
[5] *Thompson v. Christina Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011).
[6] *General Motors Corp. v. Freeman*, 164 A.2d 686 (Del. 1960).

accept as adequate to support a conclusion."[7] The Court will review the entire record determine whether the Board could have fairly and reasonably reached its conclusion.[8] The Court does not, however, sit as a trier of fact and will not substitute its judgment for that rendered by the Board.[9] As such, the Court shall not weigh the evidence, determine questions of credibility or make its own findings of fact.[10] The Board's decision is reviewed *de novo* for errors of law.[11] In the absence of legal error, the Board's decision is reviewed for abuse of discretion.[12] The Court will find an abuse of discretion when the Board's decision "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[13]

5. In this case, the Court finds that the Board's decision was supported by substantial evidence and free from legal error. Employer had Ms. Ball examined by its own medical expert, who opined that Ms. Ball needed no further medical care because she had reached her maximum medical improvement. The Court finds there is substantial evidence in the record to support that this was basis for Employer's initial reason for denying Ms. Ball's March and April claims for treatment with Dr. Roberts.

---

[7] *Pearson-Gaines v. Pepco Holdings, Inc.,* 981 A.2d 1159, 1161(Del. 2009)(quoting *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[8] *National Cash Register v. Riner*, 424 A.2d 669 (Del. Super. 1980).
[9] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[10] *Id.*
[11] *Ahold USA Holdings, Inc. v. Jones*, 2014 WL 7723572 (Del. Super. Dec. 19, 2014).
[12] *Id.*
[13] *Id.*

6. Furthermore, the Board did not err as a matter of law in stating that, under the Delaware Healthcare Payment System, when Utilization Review is unavailable, an employer need only deny payment. In this case, it is undisputed that Dr. Roberts is an out-of-state provider and is not a certified provider under the Delaware Health Care Practice Guidelines. As such, Utilization Review was unavailable for Ms. Ball's claims for her treatment with Dr. Roberts. It then follows that Employer only needed to deny payment of Ms. Ball's claims. Disputing the denial, Ms. Ball's remedy was to file a Petition to Determine Additional Compensation Due. Thus, the Board did not err as a matter of law.

7. For the foregoing reasons, the Court finds that the Board's decision was supported by substantial evidence and free from legal error. Accordingly, the Board's decision is **AFFIRMED.**

   **IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

5