IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANTONIOS K. TSAKIRIS,          )
                               )
          Appellant,           )
                               )
     v.                        )          C.A. No. N16A-07-001-CEB
                               )
J. P. MORGAN CHASE and         )
UNEMPLOYMENT INSURANCE         )
APPEAL BOARD ,                 )
                               )
          Appellees.           )

Submitted: January 17, 2017
Decided: April 26, 2017

**ORDER**

*Upon Consideration of Appeal from*
*The Unemployment Insurance Appeal Board.*
**AFFIRMED.**

This 26th day of April, 2017, upon consideration of the *pro se* appeal of

Antonios Tsakiris ("Claimant") from the decision of the Unemployment Insurance

Appeal Board (the "Board"), finding that Claimant is disqualified from receiving

unemployment benefits pursuant to 19 *Del. C.* § 3314(2) and is liable for an

overpayment in the amount of $2,310.00, it appears that:

1.     Claimant was employed as a Financial Control Analyst by J.P.

Morgan Chase (the "Employer") from 2012 through February 2016 on a full-time

1

basis at an unknown rate per hour. Due to a number of performance issues, Employer discharged Claimant in February 2016.

2. Claimant filed a claim for unemployment insurance benefits on February 7, 2016. A Division Claims Deputy (the "Claims Deputy") issued a determination on March 9, 2016 that found Claimant was discharged without just cause and therefore eligible to receive unemployment insurance benefits at a weekly benefit amount of $330.00. The Notice of Determination was mailed to Claimant's address of record at the time. There is no evidence that the notice was returned as undeliverable by the U.S. Postal Service. It is helpful to the discussion below to note that the determination of Claimant's qualification to receive benefits was assigned Case No. 0120385.

3. The qualification determination by the Claims Deputy was timely appealed by Employer and a hearing was held before an appeals referee (the "Referee") on April 14, 2016. At the hearing, Employer appeared by telephone. Claimant did not appear either in person or by telephone. The Referee heard detailed testimony from Employer regarding Claimant's recurring issues in his job performance. The Referee held that Claimant's clear disregard for Employer's business, prior history of written warnings and having been placed on a Performance Improvement Plan amounted to just cause for his termination. Reversing the decision of the Claims Deputy, on April 18, 2016 the Referee found

Claimant to be disqualified from receiving unemployment insurance benefits pursuant to 19 *Del. C.* § 3314(2), from the week he was discharged with just cause and for each week thereafter.

4.    Unless a claimant files an appeal within 10 calendar days after the qualification determination was mailed, the determination is final.[1] The 10-day period for filing an appeal begins to run on the date of mailing unless the mailing fails to reach a party because of some mistake made by employees of the Department of Labor.[2] The Referee found Claimant to be disqualified from receiving unemployment insurance benefits on April 18, 2016, making the disqualification finding, Case No. 0120385, final on April 28, 2016. Claimant did not file his appeal to the Appeal Board until June 22, 2016.[3] The Court sees no basis upon which to find that the Board abused its discretion in refusing to consider Claimant's appeal, filed 54 days past the final determination by the Referee.

5.    Claimant's appeal to this Court involves two separate proceedings. With the finalization of the disqualification determination marking the completion

---

[1] 19 *Del. C.* § 3318(b).

[2] *Funk v. Unemployment Ins. Appeal Board*, 591 A.2d 222, 225 (Del 1991).

[3] The Board, has authority to act *sua sponte* beyond the ten-day appeal period to consider a case where no valid appeal has been filed by the parties. 19 *Del. C.* § 3320. *See Funk, supra.*(holding that while the Board had authority to act *sua sponte* to consider claimant's case beyond ten-day appeal period, the Board's decision not to exercise such authority was not abuse of discretion when Claimant's appeal was filed five days after the referee's decision had become final absent severe circumstances).

of the first stage, the Division began a separate administrative proceeding to establish the overpayment amount and require that amount be recouped by payment to the Division.[4] The overpayment matter was assigned a separate case number by the Division, Case No. 61028910.

6. On May 16, 2016, the Claims Deputy issued an overpayment determination in accordance with 19 *Del. C.* § 3325, establishing an overpayment in the amount of $2,310.00 for 7 weeks during the time period of February 27, 2016 to April 9, 2016 and seeking to recoup the overpaid benefits. Claimant filed a timely appeal of the overpayment determination for which the Appeals Referee held a hearing on June 14, 2016. The Appeals Referee upheld the decision of the Claims Deputy based upon the evidence presented at the hearing, proving the amount of benefits paid to Claimant during the disqualification period. Claimant admitted in his testimony to the Appeals Referee that he received the benefit payments. Claimant then appealed the Referee's decision to the Board, and simultaneously filed a late appeal of the disqualification finding on June 22, 2016. The Board issued a consolidated decision in both Case No. 31028910, the overpayment determination, and Case No. 0120385, the disqualification finding. The Board found that: (1) the appeal of the disqualification finding was untimely

---

[4] *See Bradfield v. Unemployment Ins. Appeal Bd.*, 2012 WL 3776670, at *2 (Del. Super. Aug. 31, 2012) ("19 *Del. C.* § 3325 permits the Department of Labor to issue a 'notice of overpayment and an order for recoupment,' but only if it is first 'finally determined' that the respondent 'was not entitled' to benefits").

4

and affirmed the disqualification decision holding that it was a final and binding decision; and (2) affirmed the overpayment determination.

7. The Court's review is limited to a determination of whether the Board's decision is supported by substantial evidence and free from legal error.[5] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion of law."[6] On appeal, this Court will not "weigh the evidence, determine questions of credibility, or make its own factual findings."[7] Errors of law are reviewed *de novo*.[8] In the absence of legal error, the Board's decision is reviewed for an abuse of discretion.[9] The Board has abused its discretion only when its decision "exceeds the bounds of reason in view of the circumstances and has ignored recognized law or practice so as to produce injustice."[10]

8. In *Smith v. Unemployment Ins. Appeal Board*, the Court established that when it has been determined that the claimant was found ineligible to receive

---

[5] *Arrants v. Home Depot*, 65 A.3d 601, 604 (Del. 2013).

[6] *Wyatt v. Rescare Home Care*, 81 A.3d 1253, 1258-59 (Del. 2013) (internal citations omitted).

[7] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[8] *Arrants*, 65 A.3d at 604.

[9] *Id.*

[10] *McIntyre v. Unemployment Ins. Appeal Bd.*, 2008 WL 1886342, at *1 (Del. Super. Apr. 29, 2008) *aff'd*, 962 A.2d 917 (Del. 2008).

unemployment benefits, the issue before the Court becomes whether or not claimant received those benefits, not whether or not the claimant was eligible for the benefits.[11] 19 *Del. C.* § 3325 provides as follows:

> "Any person who has received any sum as benefits under this chapter to which it is finally determined that the person was not entitled shall be liable to repay in cash said overpayment, to the Department for the Unemployment Compensation Fund, or to have such sum deduced from future benefits payable to the person under this chapter. **The person shall be so liable regardless of whether such sum was received through fraud or mistake, or whether that person was legally awarded the payment of benefits at the time but on appeal was subsequently found not to be entitled thereto.**" (emphasis added)

9.      The determination of Claimant's disqualification from unemployment benefits, Case No. 0120385, became final on April 28, 2016 when Claimant did not file his appeal within the 10-day deadline. Where a claimant has received adequate notice of a disqualification decision and of the right to appeal it, the claimant cannot appeal the merits of the disqualification decision by way of an appeal of a subsequent overpayment determination.[12]

10.      Claimant's right to appeal his disqualification determination has expired. Claimant was found ineligible for unemployment benefits and did not appeal the finding of the Referee in a timely fashion. The Court finds that the

---

[11] 2013 WL 1718059, at *5 (Del. Super. Apr. 22, 2013).

[12] *Starcks v. UIAB*, 2013 WL 4848101, at *4 (Del. Super. July 20, 2013).

6

Board did not abuse its discretion in denying Claimant's application for further review of his disqualification and finding the determination to be final and binding due to his untimely appeal in Case No. 0120385.

11. Turning to Claimant's appeal of the overpayment determination, Case No. 61028910, Claimant does not dispute that he received the overpayments: rather his arguments rest on the merits of the disqualification finding. Claimant cannot challenge the merits of a final disqualification determination by appealing an overpayment determination. The issues for this Court's review on an appeal from an overpayment determination are: (1) whether the overpayment notice required by 19 *Del. C.* § 3325 was sent to the claimant; and (2) whether the amount of the overpayment was calculated correctly.[13]

12. The Board's determination that notice was sent to Claimant and that the amount was calculated correctly is supported by substantial evidence. Since Claimant was not entitled to unemployment benefits, he is liable and must pay back all of the unemployment benefits received in the amount of $2,310.00 for 7 weeks during the time period of February 27, 2016 to April 9, 2016.

13. Based on the foregoing, the Court is satisfied that the Board applied the correct legal standards and the finding that Claimant is disqualified from receiving unemployment benefits, Case No. 01020385, is final and binding, and

---

[13] *See Hockensmith v. UIAB,* 2016 WL 5899237 at *1, (Del. Super. Oct. 10, 2016); *Starcks,* 2013 WL 4848101 at *5.

the finding Claimant must repay the overpayment of benefits received, Case No. 61028910, is based upon substantial evidence. Accordingly, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED.**

Judge Charles E. Butler

8