# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SUENDY ZAVALA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N17A-09-002 CEB |
| | ) | |
| PORT TO PORT | ) | |
| INTERNATIONAL CORP., and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Date Submitted: January 8, 2018
Date Decided: April 4, 2018

## MEMORANDUM OPINION

*Upon Consideration of Appeal from Decision
of the Unemployment Insurance Appeal Board.*
**AFFIRMED.**

Suendy Zavala, *pro se*, Appellant.

Lauren E.M. Russell, Esquire, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware. Attorney for Appellee Port to Port International Corp.

Carla Jarosz, Esquire and Victoria W. Counihan, Esquire, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorneys for Appellee Unemployment Insurance Appeal Board.

**BUTLER, J.**

## INTRODUCTION

This is an appeal from a decision of the Delaware Unemployment Insurance Appeal Board ("UIAB" or "Board"). Suendy Zavala, the Claimant, urges that the UIAB incorrectly ruled that her separation from employment with Port to Port International Corp. ("Port to Port") was for cause. Finding substantial supporting evidence and no legal error in the proceedings below, the UIAB's decision is **AFFIRMED**.

## FACTS AND PROCEDURAL HISTORY

From the record, it appears that Ms. Zavala began her tenure at Port to Port in January of 2014 working in the "Towing Department."[1] Apparently Port to Port is involved in the transit of automobiles into or off of ships at the Port of Wilmington. While all of the work processes in the towing department take us far afield of the issues in dispute, Ms. Zavala believes she was very much responsible for their development.

It came to pass that more employees were added to the towing department, some of whom found Ms. Zavala abrasive and unpleasant to work with. In addition, the department had direct interactions with clients in various Central American countries, some of whom also found her interactions disagreeable. Finally, Ms. Zavala clashed with her immediate supervisor, whom she accused of engaging in

---

[1] R. at 3-4, 22.

deliberate sabotage of her work. All of this was fleshed out in some detail at the hearings below.

After various less drastic measures had failed to convince Ms. Zavala to adopt a more workmanlike attitude in the office, Port to Port suspended her for a brief period and moved her assignment to the Operations Department, where it was hoped she would have a fresh start.[2] But that move did little to improve things. Ms. Zavala spent much of her time back in the Towing Department or otherwise outside of her now more limited "lane" of responsibilities in the Operations Department. After a brief trial run of a few weeks at this job, Port to Port decided to terminate Ms. Zavala's employment on April 18, 2017.[3]

Ms. Zavala filed for unemployment compensation benefits. The first hearing, before an Appeals Referee, was attended by Ms. Zavala, her Towing Department Supervisor, and her Operations Department Supervisor. After hearing the evidence, the Referee sided with the employer, ruling that Ms. Zavala was precluded from receiving benefits because her termination was for just cause.

Thereupon, Ms. Zavala appealed to the full Board where further testimony was taken, now from some of Ms. Zavala's coworkers, both for and against. After

---

[2] R. at 54, 78.

[3] R. at 3, 6-7, 23.

3

considering all of the testimony, the Board concluded that Ms. Zavala's termination was for just cause and sustained the denial of benefits. This appeal followed.

## STANDARD OF REVIEW

Delaware law precludes the payment of unemployment benefits to one who "was discharged from the individual's work for just cause in connection with the individual's work."[4] The Superior Court is limited in its review to "a determination of whether the Board's decision is supported by substantial evidence and free from legal error."[5] Substantial evidence is that relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[6] In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below.[7] When the Board's findings are thus supported, its findings "are conclusive, with judicial review limited only to questions of law."[8] On appeal, the Court will not "weigh the evidence, determine questions of credibility, or make its own factual findings."[9]

---

[4] 19 *Del. C.* § 3314(2).

[5] *Starkey v. Unemployment Ins. Appeal Bd.*, 340 A.2d 165, 166 (Del. Super. 1975).

[6] *Wyatt v. Rescare Home Care*, 81 A.3d 1253, 1258 (Del. 2013) (internal citations omitted).
[7] *Gen. Motors Corp. v. Guy*, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991).

[8] *Tatman v. Del. Home Maint.*, C.A. No. 03A-04-002, at 4 (Del. Super. Dec. 12, 2003) (citing 19 *Del. C.* § 3323(a)).

[9] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

## DISCUSSION

As noted above, in a review of the rulings of an administrative agency, the Court does not sit as a trier of fact or engage in an exacting "second guess" of the reasoned determinations of the agency below. The Court is limited here to a review of whether the findings were supported by substantial evidence in the record and free from legal error. A review of the UIAB determination makes it abundantly clear that it is well acquainted with the relevant standard of proof and the legal milieu in which it operates.

The Court has reviewed Ms. Zavala's arguments carefully. Much of her complaint appears to be an effort to re-litigate her disputes with her supervisor and to show that her supervisor was deliberately out to "get" her. But even Ms. Zavala herself agrees that she was at times rude, at times did speak harshly with customers, and at times did use company emails or telephones inappropriately. While in Ms. Zavala's view, all of these instances are explained for this reason or that reason, there was certainly evidence presented at the hearings below from which the Board could find that Ms. Zavala was terminated for cause. So the issue here is not whether the employer was justified, or whether Ms. Zavala really was as rude as they say. The issue here is whether the hearings below were decided in an open, fair proceeding, applying the law as commonly understood. Even if the Court were convinced that Ms. Zavala was dealt a raw deal by her employer, the Court would not be in a

5

position to reverse the findings below. The Court is duty bound to give the UIAB a wide berth to operate in the statutory milieu in which it is empowered. The Court has reviewed the record and finds nothing in it to believe that the UIAB has failed in this essential undertaking and will not therefore reverse its findings.

## CONCLUSION

For the reasons stated, the Court finds that the UIAB's decision is supported by substantial evidence and free from legal error. Accordingly, the UIAB's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Judge Charles E. Butler