# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PORTIA GARRETT, )
 )
 Claimant-Below Appellant, )
 )
 v. ) C.A. No. N17A-06-007 JAP
 )
AMAZON.COM, INC., )
 )
 Employer-Below Appellee. )
 )

## MEMORANDUM OPINION

Portia Garrett appeals from the decision of the Industrial Accident Board, which denied her petition for worker's compensation. Garrett's only contention on appeal is that the Board erred when it refused to strike the testimony of her employer's Site Safety Specialist, Brian Martin. According to Garrett, Martin's testimony was "pure hearsay" since he was not present for an "accident re-creation" investigation conducted by Amazon. The judgment of the Board is affirmed for the reasons stated below.

## BACKGROUND

Portia Garrett alleges that on October 14, 2015, she was injured at work while employed by Amazon.com, Inc. as a quality control

associate. Garrett filed a claim for worker's compensation benefits with the Department of Labor's Industrial Accident Board in August of 2016. The Board held its hearing on January 27, 2017, during which Garrett presented deposition testimony from physician, Dr. Mark Eskander, and her own testimony.

According to Garrett, she was sitting on a stool counting product, when a fellow employee operating a device known as a pick cart repeatedly pushed the cart into her left shoulder, jerking her neck and shoulder and causing pain in those areas. Garrett did not know the name of the employee that struck her, but described the employee as a "foreign woman." Garrett also testified that the employee stopped and apologized when she struck her. Contemporaneous evidence raises serious questions about the credibility of this testimony. Testimony at the hearing revealed that at the time of the accident, when Garrett reported it to her manager, Garrett: (1) could not describe the employee that struck her; (2) did not even know the employee's gender; and (3) stated that the employee never stopped after striking her. Because of the absence of any meaningful description, Amazon was unable to identify the employee that supposedly hit her. Garrett sought treatment at

2

Amazon's in-house medical clinic and was later referred for outside treatment. She said that about two weeks after the accident, someone named "Ms. V" from Amazon's Safety Department conducted an "accident re-creation" investigation, during which Garrett was present and participated.

Testimony also revealed that Garrett had injured her neck and shoulder in car accidents in 2002, 2004, 2005, and 2008. And in December 2014, while employed by Integrity Staffing Solutions, she made a claim for a worker's compensation based on an injury to her left shoulder, which was denied. Notably, on her Amazon injury report, Garrett denied any prior injuries to her left shoulder.

Amazon presented deposition testimony from Dr. Samuel Matz, and also called its Site Safety Specialist, Brian Martin. Martin testified from his personal knowledge that the pick cart and stool were standard equipment with particular height, length, and width specifications, and that the pick cart does not obstruct the operator's vision and can easily be maneuvered. Martin said that he could not think of anyone with the name "Ms. V," but rather, the re-creation was done shortly after the accident by an employee named Jaime Hall. Hall reported to Martin that the re-creation exercise was

3

"unsuccessful" in that they could not recreate the incident in the way that Garrett described it because the push cart would have hit the stool, and if it did hit Garrett at all, the highest shelf on the cart would only reach as high as her mid-back, not her shoulder.

Martin was not personally present during the re-creation, but he reviews all investigations and the notes and findings therefrom.[1] He confirmed that any notes that he read and processed during Amazon's investigation were incorporated into a safety report, which was produced to Garrett's counsel.[2] Garrett's counsel did not immediately object to Martin's testimony after determining that he was not present at the re-creation, choosing instead to continue questioning Martin on forms Garrett completed after her December 2014 Integrity Staffing injury, her October 2015 Amazon injury, and the treatment Garrett sought for those injuries.[3]

Only after Martin was excused from the witness stand, did Garrett's counsel object to Martin's "entire testimony since we were never given any of the written materials about the investigation and the witness himself was not physically present at the reenactment

---

[1]  *See* App. to Opening Br., Ex. A (Hearing Tr., at 94:2-22).
[2]  *Id.* at 97:14-17.
[3]  *Id.* at 94:23—97:9.

4

that he described."[4] Amazon responded that everything from the investigation and reenactment was contained in the report provided to Garrett's counsel before the hearing. The Board denied the motion to strike, holding that the request to strike all of the witness's testimony was overbroad, but as to the "re-creation" testimony specifically, the Board took note of the objection and stated it would give the testimony the weight that it deserved considering that Martin was not present for the re-creation.[5]

On May 30, 2017, the Board issued a written decision denying Garrett's petition for worker's compensation benefits. Garrett filed an appeal in the Superior Court on June 16, 2017. The court initially scheduled oral argument, but before oral argument was held, Garrett terminated her counsel. By Order dated February 27, 2018, Garrett was given 90 days to obtain new counsel and notify the court. Garrett has not retained new counsel and the court therefore feels that oral argument would not be useful. Thus, upon consideration of the briefs filed by the parties and the entire record below, this is the court's ruling.

---

[4]  *Id.* at 101:15-19.
[5]  *Id.* at 103:19-24.

## ANALYSIS

On appeal, this court reviews a decision of the Industrial Accident Board for errors of law to "determine whether substantial evidence exists to support the Board's finding of fact and conclusions of law."[6] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] This court reviews errors of law *de novo*, but absent an error of law, the standard of review for the Board's decision is abuse of discretion.[8]

"[T]he Rules of Evidence do not strictly apply to administrative hearings. Rather, the agency may hear 'all evidence which could conceivably throw light on the controversy.'"[9] Industrial Accident Board Rule No. 14(b) states:

> The rules of evidence applicable to the Superior Court of Delaware shall be followed insofar as practical, however, that evidence will be considered by the Board which, in its opinion, possesses any probative value commonly accepted by reasonably prudent men in the conduct of their affairs. The Board may, in its discretion, disregard any customary rules of evidence and legal procedures so long as such a disregard does not amount to an abuse of discretion.

---

[6] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).
[7] *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[8] *Person-Gaines*, 981 A.2d at 1161.
[9] *Tenaglia-Evans v. St. Francis Hosp.*, 2006 WL 3590385, at *3 (Del. 2006) (citing *Ridings v. Unemployment Ins. Appeal Bd.*, 407 A.2d 238, 240 (Del.1979)).

This includes the Board's ability to hear and weigh the reliability of hearsay testimony. "Only when the hearsay is incompetent will the Board's reliance on such testimony be deemed an abuse of discretion."[10] "This issue only becomes relevant, however, if the Board's decision rests *solely* upon hearsay evidence."[11]

Garrett contends that the Board abused its discretion when it refused to strike Martin's testimony, and that the Board's reliance on Martin's testimony was an error of law. There were two main aspects to Martin's testimony: first, what happened during the accident re-creation based on what he was told by Jaime Hall; and second, the equipment specifications for Amazon's standard pick carts and bins based on his personal knowledge. Even assuming that Martin's testimony about the re-creation was hearsay, his testimony about pick carts was not. Yet, Garrett sought to strike all of it.

The Board did not abuse its discretion in refusing to strike Martin's testimony because the law is well-established that the Board may disregard the strict application of evidentiary rules, and hear hearsay evidence. The Board stated that it would take into account

---

[10] *Tenaglia-Evans*, 2006 WL 3590385, at *3.
[11] *Singletary v. Townsends, Inc.*, 1995 WL 339174, at *3 (Del. Super. May 30, 1995) (emphasis added).

the fact that Martin was not present for the re-creation. Indeed, the Board did not appear to give much weight, if any at all, to Martin's testimony about the re-creation because its findings of fact and conclusions do not reference it. Rather, the Board's decision rested on Martin's competent evidence about the pick cart dimensions, and on its finding that Garrett was not credible. Thus, the Board's denial of the motion to strike did not amount to an error of law because the Board's decision, to the extent it relied at all on hearsay evidence, did not rest solely on hearsay evidence.

The Board also found that no work injury occurred. Substantial evidence in the record supports this finding. In weighing the credibility of both Martin and Garrett, the Board ultimately had "serious concerns" about Garrett's testimony,[12] including her denial of prior shoulder injuries. The Board did not believe Garrett's story that another employee, who could not be described, would continue to push a cart into an obstruction without stopping or looking to see what was hit. On top of that, it found Martin's testimony as to the dimensions of the cart credible, such that the Board determined that

---

[12] *See Playtex Products, Inc. v. Leonard,* 2002 WL 31814637, at *6 (Del. Super. Nov. 14, 2002) (It is solely the Board's function to resolve conflicts in the evidence and weigh witness credibility.).

anyone pushing the cart would be able to see around it without difficulty. And, the evidence showed that given the maximum height of the push cart even when it was loaded with bins, it was unlikely a cart could strike her shoulder. This was substantial evidence supporting the Board's decision.

## CONCLUSION

For the foregoing reasons, the judgment of the Industrial Accident Board is **AFFIRMED**.

**IT IS SO ORDERED**.


Dated: June 01, 2018

                                      _____
                                        John A. Parkins, Jr., Judge


oc:   Prothonotary

cc:   Portia Garrett, c/o Little Mastens Corner Road, Felton, Delaware 19943
       John J. Ellis, Esquire, Heckler & Frabizzio, Wilmington, Delaware