# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MUHAMMAD IRFAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNEMPLOYEMENT INSURANCE | ) | C.A. No. N23A-05-009 MMJ |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Submitted: February 1, 2024
Decided: March 25, 2024

Upon Appeal from a Decision of the Unemployment Insurance Appeal Board

**AFFIRMED**

Muhammad Irfan, Pro Se, Middletown, Delaware, Appellant.

Matthew B. Frawley, Esquire, Department of Justice, Wilmington, Delaware, Attorney for Delaware Unemployment Insurance Appeal Board.

Victoria W. Counihan, Esquire, Department of Justice, Wilmington, Delaware, Attorney for Delaware Division of Unemployment Insurance.

**JOHNSTON, J.**

1

# MEMORANDUM OPINION

## FACTUAL AND PROCEDURAL CONTEXT

In October 2018, Muhammad Irfan ("Claimant") incorporated Mitech Consultants, LLC, an S Corporation.[1] Claimant is 100% owner of the business.[2] Claimant has a Virginia license but is in the process of transferring the license to Delaware.[3] Claimant testified that he is an employee who used to receive a paycheck from his corporation.[4] Claimant states that he is looking for any kind of work, but his priority is to get work through his corporation.[5] There are no employees other than himself.[6] The nature of Claimant's business is to provide consulting services related to IT.[7] Claimant had a client, but that client is no longer with Claimant because the client was short on funding, leaving his company with no clients and no source of revenue.[8] Claimant testified that he is trying to get clients for his company. He is spending eighty percent of his time trying to get a

---

[1] Transcript of Referee's Hearing at 7.
[2] *Id.* at 15.
[3] *Id.* at 16.
[4] *Id.* at 6.
[5] *Id.* at 10.
[6] *Id.* at 15.
[7] *Id.* at 13.
[8] *Id.* at 11.

client through his company and twenty percent of his time looking for work outside his company.[9]

Claimant filed a claim for unemployment benefits in July 2022 and filed an additional claim in December 2022 due to COVID. An appeals referee ("Referee") held a hearing on January 18, 2023. The Referee found that Claimant was self-employed and thus ineligible for benefits.

Claimant appealed the Referee's decision to the Unemployment Insurance Appeal Board. The Board issued its decision on March 29, 2023. The Board found Claimant to be a full-time self-employed individual. Claimant owned the company. Claimant's main priority was finding a client for his business. The Board concluded that Claimant was neither unemployed nor available for work.

Claimant appealed the Board's decision to this Court on May 30, 2023. Claimant asserts that when interviewed by the Referee, Claimant misunderstood the questions being asked to him.[10] Claimant asserts that he answered the questions asked by the Referee relating to when Claimant was living and working in Virginia.[11] Claimant admits that he told the Referee that he spent eighty percent of his time trying to get a client through his company and twenty percent of his time

---

[9] *Id.* at 19.
[10] Claimant's Opening Brief at 1.
[11] *Id.*

looking for jobs outside of his company.[12] However, Claimant asserts that was a mistake because of his misunderstanding of the question.[13] Since moving to Delaware, Claimant asserts that he is unemployed and looking for work, not splitting his time performing any kind of work for his company.[14] Thus, Claimant is requesting a re-hearing by the Referee and or the "DA"[15] to set the facts straight.[16]

## STANDARD OF REVIEW

On appeal from the Unemployment Insurance Appeal Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[17] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[19] The Court does not "weigh evidence, determine questions of credibility or make its own factual

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 2.

[15] It is unclear who Claimant intends to identify as "DA."

[16] Claimant's Opening Brief at 2.

[17] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del. 1993).

[18] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (1981)).

[19] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

4

findings."[20] If the record lacks satisfactory proof in support of the Board's finding

or decision, the Court may overturn the Board's decision.[21] On appeal, the Superior

Court reviews legal issues *de novo*.[22]

## ANALYSIS

At issue in this case is whether Claimant is eligible for unemployment

benefits when Claimant has testified that he is an employee who owns his own

company and spends the majority of his time looking for clients for his company.

To be eligible for unemployment benefits, Claimant must be within the

definition of unemployed.[23]

Section 3302(17) of title 19 of the Delaware Code provides:

> "Unemployment" exists and an individual is "unemployed" in
> any week during which the individual performs no services and
> with respect to which no wages are payable to the individual, or
> in any week of less than full-time work if the wages payable to
> the individual with respect to such week are less than the
> individual's weekly benefit amount plus whichever is the
> greater of $10 or 50% of the individual's weekly benefit
> amount. The Department shall prescribe regulations applicable
> to unemployed individuals making such distinctions in the
> procedures as to total unemployment, part-total unemployment,
> partial unemployment of individuals attached to their regular

---

[20] *Id.* at 67.
[21] *Id.* at 66–67.
[22] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).
[23] *Spicer v. Spicer Unlimited*, 2005 WL 914469, at *2 (Del. Super.).

> jobs and other forms of short-time work as the Department
> deems necessary.

Delaware courts have ruled that self-employment acts as a bar to receiving unemployment benefits in Delaware.[24] The term "self-employment" has not been specifically defined by the General Assembly or by Delaware courts.[25] However, this Court has interpreted "self-employment" as existing where "an individual has made more than *de minimis* efforts on behalf of an operating business that he or she owns, regardless of whether the business is profitable or the individual remains unavailable for other work."[26] This Court has expressly noted that "unemployment is different from self-employment."[27] In Delaware, "[o]nce an individual engages in a self-employed business or practice on a full-time basis . . . the individual is no longer unemployed nor available for work, nor clearly is that individual 'actively seeking work' other than the self-employment."[28]

Claimant argues that Claimant misunderstood the Referee's questions and made the mistake of answering the Referee's questions based on Claimant's time

---

[24] *Workman v. Delaware Department of Labor*, 2011 WL 3903793, at *3 (Del. Super.) (citing *O'Brien v. Unemployment Insurance Appeals Board*, 1993 WL 603363, at *3 (Del. Super.)).
[25] *Id.*
[26] *Id.*
[27] *Miller v. Herschmann, Inc.*, 2007 WL 4577373, at *2 (Del. Super.) (denying claimant benefits and concluding that the claimant was self-employed because claimant acknowledged that he operated his own business and attempted to make the business successful despite working less than full-time hours and earning no wages from the business).
[28] *Husband v. Environmental Design, LLC*, 2012 WL 1413595, at *3 (Del. Super.).

in Virginia.[29] Claimant asserts that he was laid off from his client on July 15, 2022.[30] Claimant then applied for unemployment benefits but did not pursue those benefits due to COVID.[31] Claimant reapplied in December of 2022 but was denied unemployment benefits by the Referee and the Board.[32] Claimant admits to making a mistake on the record.[33] Claimant asserts that he is actually one hundred percent looking for work and is not splitting hist time performing any kind of work for his company.[34] Claimant urges the Court to remand the Board's decision for an opportunity of a re-hearing before the Referee to clear up any misunderstandings.[35]

The Court does not have the authority to question the Board's decision unless there is substantial evidence to overturn the Board's decision.[36] In order for this Court to overturn the Board's decision, there must be evidence within the record to prove lack of support for the Board's decision. The record shows that the Claimant was the owner of Mitech Consultants, LLC, was looking for any kind of work, and was spending about eighty percent of his time trying to find work within

---

[29] Claimant's Opening Brief.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Robinson v. Delaware Professional Funeral Services, Inc.*, 2021 WL 4485017, at *1 (Del. Super.).

7

his company and about twenty percent of his time trying to find work outside of his company.

This Court has recognized two situations where the claimant would be considered unemployed within the meaning of 19 *Del. C.* § 3302(17) despite working minimal hours per week.[37] In this present case, Claimant is not in the first situation because he is not wrapping up his business. Claimant's company is still operational. Second, Claimant is not a part of a "side-line" employment. When asked if working for his company was a sideline job and if he was looking for other work, Claimant replied that it was his priority to find a fulltime client and get work through his company.[38] Claimant's situation does not fit into either exception.

The Board properly found that Claimant was a full-time self-employed individual. Although Claimant is no longer receiving paychecks, Claimant fits the definition of self-employed, which bars recovery of unemployment benefits. Claimant has put in more than a *de minimis* amount of effort into his company. Claimant testified that his main priority was finding a client for his company.

---

[37] *See Bachman v. Bachman & Associates*, 2010 WL 5551332 (Del. Super.) (determining the claimant unemployed even though he continued to devote two to three hours per week to wrap up the business of the corporation); *see also O'Brien v. Unemployment Ins. Appeals Bd.*, 1993 WL 603363, at 3 (Del. Super.) (acknowledging exceptions for "side-line" employment).
[38] Transcript of Referee's Hearing at 10; 17.

Claimant has spent eighty percent of his time looking for a client. The record also shows that Claimant wrote on the self-employed business fact sheet from the Department of Labor that Claimant devotes at least 40 hours per week to his business. Therefore, this Court finds Claimant's argument—that he misunderstood the questions from the Referee—unpersuasive.

## **CONCLUSION**

The Court finds that there is substantial evidence in the record to support the Board's finding that Claimant is, in fact, a full-time self-employed individual, and thus, ineligible for unemployment benefits. The Court finds that the Board's decision is free from legal error.

**THEREFORE**, the decision of the Unemployment Insurance Appeal Board is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston

9