# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BANK OF AMERICA, | ) | |
| | ) | |
| Appellant/Employer-Below, | ) | |
| | ) | |
| v. | ) | C.A. No.: N19A-03-007 SKR |
| | ) | |
| VALERIE A. BROWN, | ) | |
| | ) | |
| Appellee/Employee-Below. | ) | |

Submitted: June 5, 2019
Decided:  October 10, 2019

*Upon Appeal from the Industrial Accident Board*:
REVERSED and REMANDED.

Paul V. Tatlow, Esq., Marshall, Dennehey, Warner, Coleman, & Goggin, Attorney for Appellant.

Gary S. Nitsche, Esq., Katherine L. Hemming, Esq., Weik, Nitsche & Dougherty, LLC, Attorneys for Appellee.

**Rennie, J.**

## MEMORANDUM OPINION

Before the Court is an appeal from a February 22, 2019 Decision of the Industrial Accident Board (the "Board" or "IAB").[1]  This appeal originated from

---

[1] Notice of Appeal from 2/22/2019 Industrial Accident Board Decision (Trans. ID. 63103334).

Valerie A. Brown's (claimant-below, "Brown") Petition to Determine Compensation Due (the "Petition") against Bank of America Corporation ("Bank of America"). On February 22, 2019, the Board issued a written decision on the Petition and awarded Brown compensation for past and future medical expenses.[2] Bank of America promptly appealed on March 26, 2019.[3] Now before the Court is an appeal of the Board's decision. The issue involved here is a purely legal one: whether the IAB applied the correct legal standard to award compensation. The Court finds that it did not and hereby REVERSES and REMANDS.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

Claimant-below, Valerie A. Brown, worked full-time for Bank of America from 2007 to 2018.[5] Brown held multiple positions during this time, all of which consisted of sitting at a desk, typing, and answering telephone calls for seven hours per day.[6] Most recently, Brown worked as a Fraud Analyst by taking incoming calls on a headset while typing on her computer.[7]

---

[2] Record on Appeal ("R. on Appeal"), Tab 8, Industrial Accident Board's February 22, 2019 Decision (the "IAB Decision").

[3] R. on Appeal, Tab 9, Superior Court Appeal.

[4] The Court will provide a brief review of the facts material in resolving the legal question involved in this appeal. A more detailed recitation of the facts can be gleaned from the IAB Decision below.

[5] IAB Decision at 11.

[6] *Id.*

[7] *Id.*

In 2017, Brown reported to her family doctor that she felt pain in her left wrist while typing at work.[8] In January 2018, she began to feel numbness in her left wrist in addition to the pain while typing.[9] On March 12, 2018, Brown's left wrist "locked-up" while typing and she reported it to her supervisor.[10] She continued working until March 20, 2018, when she began disability leave.[11] On July 2, 2018, Brown filed a Petition for Compensation Due with the IAB.[12]

Between June and November of 2018, a series of medical specialists examined Brown for her pain, which was increasing and spreading up her arms and into her neck.[13] Dr. Newell, a physician certified in physical medicine and rehabilitation, saw Brown beginning in June of 2018 and administered two injections to Brown that were largely unsuccessful.[14] Dr. Newell diagnosed Brown with cervical radiculopathy and referred her to Dr. Zaslavsky, an orthopedic surgeon.[15] On October 16, 2018, Dr. Zaslavsky examined Brown, concluded that she had a substantial disc herniation in her neck and ultimately recommended spinal fusion

---

[8] *Id.* at 2.
[9] *Id.* at 3.
[10] IAB Decision at 6.
[11] R. on Appeal, Tab 2, Transcript of Hearing Held January 24, 2019 (the "Transcript") at 43.
[12] R. on Appeal, Tab 1, Petition for Compensation Due.
[13] IAB Decision at 2-6.
[14] *Id.* at 3.
[15] *Id.* at 3-5.

3

surgery.[16] Dr. Errol Ger, an orthopedic surgeon, examined Brown in September of 2018. Dr. Ger testified on behalf of Bank of America at the Board hearing.[17]

The Board held a hearing on January 24, 2019 to determine whether Brown's medical issues qualified as compensable injuries under Delaware law.[18] The issue in contention was whether Brown's injuries were causally related to her work duties.[19] The parties presented opposing expert testimony on the causal relationship of Brown's work duties to her injuries.[20] For Brown, Dr. Zaslavsky described in medical terms how leaning forward in a seated position can slowly cause the type of injury that Brown sustained and testified that Brown's disc herniation was "related to cumulative trauma from her work."[21] For Bank of America, Dr. Errol Ger opined that any movement of the cervical spine during daily activities can cause the progression of the underlying degenerative disease, but Brown's work duties were not a "significant contributing factor."[22]

The Board decided that the lack of a discrete work accident in Brown's case meant that they should assess Brown's claim under an alternative causation standard

---

[16] *Id.* at 6-8.
[17] *Id.* at 14.
[18] IAB Decision at 2.
[19] *Id.* ("Employer disputes the casual [*sic*] relationship of the symptoms to Claimant's work duties."); *Id.* at 19 ("The issue in this case was whether Claimant's job duties or activities at work were a substantial cause of her cervical spine disc injury.").
[20] *Id.* at 2-19.
[21] *Id.* at 7-8.
[22] IAB Decision at 16.

which requires a claimant to prove that her work duties were a substantial cause of her injury.[23] The Board weighed the evidence and found that, "Claimant has met her burden of proof to show that her injury is causally related to her employment."[24] The Board then awarded Brown with compensation for incurred medical expenses, ongoing total disability payments, and expenses for a future surgery that are contingent upon a second opinion by a medical professional.[25]

## II. STANDARD OF REVIEW

This Court has appellate jurisdiction over IAB decisions under Title 29 Del.C. § 10142. On appeal, the Court's review is limited to determining whether the Board's decision is "supported by substantial evidence" and "free from legal error."[26] When the issue raised on appeal from a Board decision involves exclusively a question of law, the Court's review is *de novo*.[27] The Court must consider the record in the light most favorable to the party prevailing below.[28]

## III. LEGAL ANALYSIS

Brown filed her Petition pursuant to Delaware's Workers' Compensation statute, Title 19 Del.C. § 2304, Compensation as Exclusive Remedy. That statute

---

[23] *Id.* at 19 ("Because this claim is based on the ordinary stress and strain of employment, rather than a discrete work accident, Claimant must prove that her work activities were 'a substantial cause of her injuries.'").
[24] *Id.*
[25] IAB Decision at 22.
[26] *Arrants v. Home Depot*, 65 A.3d 601, 604 (Del. 2013).
[27] *Id.* at 605.
[28] *Weitzel v. State*, 2016 WL 4249766 (Del. Super. Aug. 9, 2016).

requires employers to compensate employees for injuries "arising out of and in the course of employment" regardless of fault by either party.[29] Therefore, if an employee is injured, she need only prove that the injury was caused by an event in the normal course of her employment to receive compensation. The employee has the burden of proving causation by a preponderance of the evidence.[30]

The causation standard the Board applies depends upon whether the injury is allegedly caused by a single incident or by work duties over time. When the injury is allegedly caused by a distinct, identifiable work accident, the Board must find that the injury would not have occurred but for that accident.[31] In contrast, when the injury is allegedly caused by work duties over time, the Board applies the "usual exertion rule", which provides that "irrespective of previous condition, an injury is compensable if the ordinary stress and strain of employment is a substantial cause of the injury."[32]

Here, the Board purportedly applied the "usual exertion rule" to assess causation. Brown alleged, and her experts testified, that the seated posture she maintained while performing her job put stress on her cervical spine, which slowly wore away at the outer layers of her spinal disc until the disc ultimately herniated

---

[29] 19 Del.C. § 2304.
[30] *Goicuria v. Kauffman's Furniture*, 706 A.2d 26, 1 (Del. 1998).
[31] *Reese v. Home Budget Center*, 619 A.2d 907, 910 (Del.1992).
[32] *Duvall v. Charles Connell Roofing*, 564 A.2d 1132, 1136 (Del. 1989).

when the last layer ruptured.[33] Neither Brown nor her experts testified that there was a distinct accident that caused her injury. Hence, the Board correctly identified that the "usual exertion" rule applied when it stated, "[b]ecause this claim is based on the ordinary stress and strain of employment, rather than on a discrete work accident,…[t]he issue in this case [is] whether Claimant's job duties or activities at work were a substantial cause of her cervical spine disc injury."[34]

In addressing the issue before it, however, the Board in its Decision did not clearly answer whether Brown's work duties were a substantial cause of her injury. Immediately after describing the standard, the Board stated, "Claimant has met her burden of proof to show that her injury is causally related to her employment."[35] However, the Board further stated that, "[a]lthough the Board will not go so far to say that Claimant's work duties were the substantial cause of the herniated disc, the Board does find that Claimant's degenerative disc disease in the cervical spine was aggravated primarily by her work duties."[36] Then, in the "Statement of the Determination", the Board found "that Claimant sustained an aggravation of her cervical spine degenerative condition as a cumulative result of her job duties over time."[37]

---

[33] IAB Decision at 7 ("Dr. Zaslavsky then testified about the different ways that a herniation can occur including very slowly over time…").
[34] *Id.* at 19.
[35] *Id.*
[36] *Id.* at 19-20.
[37] *Id.* at 22.

7

In these three iterations of the Board's pronouncement on causation, the Board employed the "substantial cause" language only once. Notably, in that sentence, the language is used to state that Brown has not met the standard. Notwithstanding, the Board attempted to find a sufficient causation nexus by stating that Brown's work duties primarily aggravated her degenerative disc disease. However, in the context of Delaware workers' compensation law, the causal nexus between an injury and work duties engaged in over time is sufficient to compensate a claim only when finding that the work duties were the "substantial cause" of the injury.[38] The facts in this case do not establish a distinct, identifiable work accident, but rather an injury caused by work duties over time. Hence, there must be a clear, unequivocal identification by the Board that Brown's work duties were the "substantial cause" of her injury. The Board's Decision fails to make such an unequivocal finding. This Court cannot affirm a decision by the IAB that states, but fails to clearly apply, the requisite standard to award compensation.[39]

Further, the Board's finding, that Brown's work duties were not the substantial cause of her herniated disc but were the primary aggravator of her degenerative disc disease, is also troubling because it made a significant distinction between a herniated disc and degenerative disc disease. Throughout the Decision,

---

[38] *Duvall*, 564 A.2d at 1136.
[39] It may be that the Board simply needs to make clear its finding on "substantial cause", but as it stands, the Decision is unclear and creates more questions than answers.

8

the Board refers to Brown's injuries in various ways, such as "cervical spine injury", "cervical spine disc injury", and "cervical spine degenerative condition", but never distinguishes one injury from another until discussing causation.[40] The Board appears to distinguish them by holding that the herniated disc does not meet the relevant causation standard, but the degenerative disc disease meets a different causation standard. Because the sentence in question[41] is the only instance in the Decision that makes this distinction, it raises questions about the relationship of the different injuries to the evidence, testimony, and medical expenses.

## IV.  CONCLUSION

For the reasons stated above, the Board's February 22, 2019 Decision is **REVERSED** and **REMANDED** to determine whether Brown's work duties were a substantial cause of her injuries.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[40] IAB decision at 18-22.

[41] *Id.* at 19 ("Although the Board will not go so far to say that Claimant's work duties were the substantial cause of the herniated disc, the Board does find that Claimant's degenerative disc disease in the cervical spine was aggravated primarily by her work duties.").