# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RONALD GOODCHILD, | ) | |
| | ) | |
| Employee-Below/ | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N19A-02-008 CLS |
| | ) | |
| R&E EXCAVATION, LLC, | ) | |
| | ) | |
| Employer-Below/ | ) | |
| Appellee. | ) | |

Date Submitted: July 10, 2019
Date Decided: October 31, 2019

*Upon Consideration of Appellant's Appeal from the Industrial Accident Board*
**Affirmed in part.**
**Remanded in part.**

Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware, Attorney for Employee-Below/Appellant.

Joseph Andrews, Esquire, Dover, Delaware, Attorney for Employer-Below/Appellee.

**SCOTT, J.**

1

Before this Court is Appellant Ronald Goodchild's ("Appellant") appeal from the decision of the Industrial Accident Board ("Board"). For the following reasons, the Board's decision is AFFIRMED IN PART and REMANDED IN PART.

## Background

On October 2, 2017, Appellant was injured in a work-related motor vehicle collision ("Work Event"). At a hearing before the Board, Appellant sought the Board's acknowledgement that a lumbar surgery proposed by his treating neurosurgeon was reasonable, necessary, and causally related to the Work Event. Appellant also sought payment of medical bills from his employer, Appellee R&E Excavation LLC ("Appellee") for other injuries Appellant suffered as a result of the Work Event. On February 8, 2019, the Board denied Appellant's claims.

## Parties' Assertions

On May 28, 2019, Appellant filed his Opening Brief. Appellant alleges the Board's decision erred as a matter of law in two distinct ways. First, the Board erred by applying a more onerous standard of causation to Appellant's claim. The Board should have applied the "but for" standard of causation set forth by the Delaware Supreme Court in *Reese v. Home Budget Center*. Second, the Board erred by failing to make a factual finding that Appellant sustained compensable work-related injuries and that the medical treatment and bills Appellant incurred (excluding the potential lumbar surgery) were reasonable, necessary, and causally related to the Work Event.

2

On June 14, 2019, Appellee filed its Answering Brief. Appellee argues that the Board applied the correct standard of causation and that there was substantial evidence to support the Board's decision. Appellee also argues that the Board was not required to address the issue of Appellant's medical bills because Appellant failed to raise this issue on the record before the Board.

On July 10, 2019, Appellant filed its Reply Brief. Appellant again argues that the Board applied the incorrect legal standard for causation to Appellant's claim. Appellant argues that the issue of Appellant's medical bills was properly before the Board. Appellant points out that the Industrial Accident Board Pre-Trial Memorandum shows that Appellant sought medical bills and both medical experts testified that Appellant's medical bills (other than for the lumbar surgery) were reasonable and necessary to treat the injuries Appellant suffered in the Work Event.

## Standard of Review

On an appeal from a decision of the Industrial Accident Board, this Court determines whether the Board's conclusions are supported by substantial evidence and are free from legal error.[1] This Court does not weigh the evidence, determine questions of credibility, or make its own factual findings. Instead, it evaluates whether the evidence is legally adequate to support the Board's factual findings.[2]

---

[1] *Bedwell v. Brandywine Carpet Cleaners*, 684 A.2d 302, 304 (Del. Super. 1996) (citing *General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[2] 29 *Del. C.* § 10142(d); *Bedwell*, 684 A.2d at 304.

3

## Discussion

### A. Causation Standard

The Board found that Appellant's need for lumbar spine surgery was not causally linked to the Work Event. In making its decision, the Board used the standard of causation set forth by the Delaware Supreme Court in *Reese v. Home Budget Center*.[3] In *Reese*, the Supreme Court established the standard for the Board to use when determining if an injury is causally linked to a specific, undisputed, work-related accident.[4] According to the Supreme Court, a "preexisting disease or infirmity, whether overt or latent, does not disqualify a claim for workers' compensation if the employment aggravated, accelerated, or in combination with the infirmity produced the disability."[5] To determine if the preexisting injury was aggravated by the work-related accident, the Board should apply the "but for" standard of causation.[6] "The accident need not be the sole cause or even a substantial cause of the injury. If the accident provides the 'setting' or 'trigger,' causation is satisfied for purposes of compensability."[7]

Despite the Appellant's contentions, the Board applied the *Reese* standard in making its decision. The Board correctly identified the issue before it: "whether

---

[3] *Reese v. Home Budget Center*, 619 A.2d 907 (Del. 1992).
[4] *Id.* at 911.
[5] *Id.* at 910.
[6] *Id.*
[7] *Id.*

[the Work Event] aggravated [Appellant's] chronic back condition to the extent that surgery is now required to alleviate the increased pain."[8] The Board found the testimony of Appellee's medical expert more credible; based on the testimony of Appellee's expert, the Board concluded that there was no "long term significant change in [Appellant's] condition following the accident."[9] Appellant contends that the Board applied a heightened causation standard because it found no "long term significant change" as opposed to mere "aggravation" of Appellant's condition.[10] The Board did not use a heightened standard; instead, it correctly applied the *Reese* standard. Although the Board used different words—"long term significant change" as opposed to "aggravate" or "accelerate"—the Board's finding is the same finding *Reese* requires: whether Appellant's preexisting condition was affected by the Work Event. The Board's decision was not legal error.

## B. Medical Bills Finding

The Board erred by not making a factual finding on whether Appellant's medical bills and treatment (except for the lumbar surgery) were necessary, reasonable, and causally linked to the Work Event. Appellant requested payment of his medical bills in the Industrial Accident Board Pre-Trial Memorandum.[11]

---

[8] *Goodchild v. R&E Excavation*, Hr'g No. 1465323, at 14 (Del. Indus. Accident Bd. Feb. 8, 2019).
[9] *Id.* at 15.
[10] Employee-Below/Appellant's Opening Br. 2–3.
[11] Employer's Answering Br. Ex. II.

Additionally, both Appellant's medical expert and Appellee's medical expert stated that the other treatments Appellant received after the Work Event were reasonable and necessary to treat Appellant's work-related injuries.[12] Therefore, the issue of Appellant's medical bills was properly before the Board. The Board must make a finding on this issue.

## Conclusion

For the forgoing reasons, the Board's decision that Appellant's need for lumbar spine surgery was not caused by the Work Event is **AFFIRMED**. The case is **REMANDED** to the Board so that it can make a factual finding on whether the medical treatment and bills (except for the lumbar spine surgery) were reasonable, necessary, and causally related to the Work Event.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[12] Employee-Below/Appellant's Opening Br. Ex. B (page 28 of Appellant's medical expert's deposition), Ex. D (page 51 of Appellee's medical expert's deposition).