# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | |
| Appellant, | : | |
| | : | K20A-09-002 JJC |
| | : | |
| v. | : | |
| | : | |
| DENNIS ANDERSON, | : | |
| | : | |
| Appellee. | : | |

## ORDER

Submitted: February 2, 2021
Decided: March 31, 2021

### *Upon Appellant's Appeal from the Industrial Accident Board*
### AFFIRMED

**AND NOW TO WIT,** this 31st day of March, 2021, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1. Before the Court is the Appellant, State of Delaware (hereinafter the "State")'s appeal from a decision of the Industrial Accident Board (hereinafter the "Board" or "IAB"). In a September 4, 2020 decision, the IAB granted Appellee, Dennis Anderson's petition to determine compensation due.

2. The evidence of record from the hearing provides that Mr. Anderson worked for the State of Delaware as a DART paratransit driver. The parties stipulated that he fell at work and suffered a compensable lower back work injury on October 15, 2018 (hereinafter the "accident"). Following the accident through November 20, 2018, Mr. Anderson received medical treatment and sustained a

limited period of total and then partial disability. When a medical provider released Mr. Anderson to full duty on November 20, 2018, he continued to complain of lower back pain. Thereafter, he treated with his primary care doctor in the late winter/early spring of 2020. He also received an additional prescription for physical therapy in 2020.

3. Because Mr. Anderson's pain did not subside, his primary care doctor referred him to a physical medicine and rehabilitation doctor, William Newell, M.D. He first saw Dr. Newell on November 20, 2019, who began treating Mr. Anderson for low back pain and right lower extremity symptoms. The expenses incurred for that treatment in late 2019 and the lost wages Mr. Anderson suffered during that period are the medical expenses and wages in dispute.

4. The parties presented two expert medical witnesses at the hearing. Dr. Newell testified by deposition on behalf of Mr. Anderson, and Dr. Scott Rushton, an orthopedic surgeon, testified as a defense medical expert for the State. A summary of the evidence relevant to this substantial evidence review includes the following: (1) the parties stipulated that the accident caused Mr. Anderson to suffer a low back injury;[1] (2) that injury necessitated the October and November 2018 treatment and accompanying periods of disability;[2] (3) Mr. Anderson testified that he had no back pain before the accident, but has had pain consistently since;[3] (4) Dr. Rushton opined, to a reasonable degree of medical probability, that the accident did not cause the 2019 disputed treatment and disability;[4] (5) Dr. Newell testified, to a reasonable degree of medical probability that the 2019 disputed treatment and lost wages were

[1] R. at Ex. 6.
[2] *Id.* at para. 2.
[3] *State of Delaware v. Dennis Anderson*, No. 1478450 at 44-50 (Del. I.A.B. Aug. 18, 2020) (TRANSCRIPT).
[4] Dr. Rushton Dep. 16:4-8.

reasonable, necessary, and related to the accident;[5] (6) Dr. Newell confirmed that the medical records demonstrated consistency in low back symptoms from the time of the accident until the time of his April 2020 testimony;[6] (7) Dr. Newell recanted his causation opinion after the State confronted him with prior medical records;[7] and (8) Mr. Anderson rehabilitated Dr. Newell somewhat on re-direct, where Dr. Newell confirmed that the work injury aggravated Mr. Anderson's pre-existing condition and continued to do so through February 2020.[8]

5.      The Board found Mr. Anderson's testimony to be credible.[9]  It found him credible, in part, because Mr. Anderson urged his medical providers to release him from restricted duty so he could return to work.[10]   As a result, the Board accepted his testimony that he had no lower back pain or limitations immediately before the accident, but experienced pain and limitations immediately after the accident.  He testified that the pain remained constant up until the time of the hearing.[11]  The Board also accepted Dr. Newell's opinion that the 2019 treatment was reasonable, necessary, and related to the accident.[12]  As a result, it found that the 2019 disputed bills and Mr. Anderson's disputed period of disability were reasonable, necessary, and related to the October 15, 2018 work injury.[13]

6.      The State appealed the decision.  It challenges the decision in three ways.  First, it contends the Board abused its discretion when it found Mr. Anderson's and Dr. Newell's testimony to be credible because Mr. Anderson's records contained inconsistencies and Mr. Anderson denied prior low back pain.

---

[5] Dr. Newell Dep. at 22-24.
[6] *Id.* at 7, 34.
[7] *Id.* at 40, 41.
[8] *Id.* at 47.
[9] *State of Delaware v. Dennis Anderson*, No. 1478450 at *15 (Del. I.A.B. Aug. 18, 2020).
[10] *Id.* at 15-16.
[11] *Id.*
[12] *Id.* at 15, 17.
[13] *Id.* at 18.

Second, it argues that Mr. Anderson's subjective complaints were inconsistent with his objective signs of injury. Third, it argues that the Board abused its discretion when it accepted Dr. Newell's opinion regarding causation because Dr. Newell changed his testimony on cross-examination.

7.     Mr. Anderson's response is also best summarized in three parts. First, he emphasizes the low evidentiary threshold necessary in a substantial evidence review. Second, he contends that because he suffered an undisputed injury and had no pain or restrictions before the accident, but has ever since, there is substantial evidence to support the Board's finding. Third, he emphasizes that Dr. Newell testified to a reasonable degree of medical probability that the accident (1) necessitated his 2019 treatment and (2) caused his 2019 disability. Although the doctor retracted that opinion on cross-examination, Mr. Anderson contends that the doctor reaffirmed it on direct.

8.     In this appeal, this Court's review of the IAB's factual findings is limited to determining whether the Board's decision is supported by substantial evidence.[14] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] It is "more than a scintilla but less than a preponderance of the evidence."[16]

9.     Furthermore, on appeal, the Court views the facts in the light most favorable to the prevailing party below.[17] Moreover, the Court does not determine questions of credibility, or make its own factual findings.[18] Absent an error of law,

---

[14] *Bullock v. K-Mart Corp.*, 1995 WL 339025, at *2 (Del. Super. Ct. May 5, 1995) (citing *General Motors Corp. v. Freeman*, 164 A.2d 686, 688 (Del. 1960)).
[15] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[16] *Washington v. Delaware Transit Corp.*, 226 A.3d 202, 210 (Del. 2020) (citation omitted).
[17] *Chudnofsky v. Edwards*, 208 A.2d 516, 518 (Del. 1965).
[18] *Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

which would be reviewed *de novo*, a decision of the IAB supported by substantial evidence must be upheld unless the Board abused its discretion.[19] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[20]

10. Here, the Board found more likely than not that Mr. Anderson's continuing back complaints and 2019 treatment and disability were related to the 2018 work accident. When doing so, it correctly applied the "but for" causation standard set forth in *Reese v. Home Budget Center*.[21] The Board found Mr. Anderson credible when he testified that he experienced no symptoms or limitations immediately before the work accident. It also accepted his testimony that the same back pain continued, largely uninterrupted, through the day of the 2020 hearing. Those continuing symptoms stretched across the disputed 2019 treatment and lost wages.

11. The State's argument centers on Dr. Newell's testimony, how that testimony should have been weighed by the Board, and how it should be weighed on appeal. The State contends that IAB Evidentiary Rule 14 (c) required the Board to apply the Delaware Rules of Evidence and Superior Court's evidentiary standards in its hearing.[22] The State further contends that because expert opinions in Superior Court civil cases must be stated to a reasonable degree of probability, an expert's opinion in an IAB hearing cannot be considered unless the expert expresses his or her opinion to the same level of certainty.[23]

---

[19] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).
[20] *Id.*
[21] 619 A.2d 907, 910 (Del. 1992). There, the Delaware Supreme Court recognized that "[i]f the worker had a preexisting disposition to a certain physical or emotional injury which had not manifested itself prior to the time of the accident, an injury attributable to the accident is compensable if the injury would not have occurred *but for* the accident.") (emphasis added).
[22] Op. Br. at 22.
[23] *Id.*

12.     Here, the State's argument is incorrect for two reasons. First, Dr. Newell in fact offered a causation opinion to a reasonable degree of medical probability.[24] The decision regarding whether to accept or reject that opinion rested with the Board. Second, even if the Board had erred when it relied upon that opinion, the alleged shortcoming would be non-dispositive given other evidence of record.

13.     Regarding the first reason, Dr. Newell testified to a reasonable degree of medical probability that the work injury caused the 2019 disputed treatment and disability.[25] As the sole judge of witness credibility, the Board did not abuse its discretion when it accepted that testimony. The Court recognizes, on one hand, that the Board remained free to completely discount Dr. Newell's testimony that the accident probably caused the unpaid medical expenses and lost wages. Namely, when counsel for the State confronted Dr. Newell with records reflecting prior low back treatment, Dr. Newell testified he was unaware of significant portions of Mr. Anderson's prior treatment. As a result, Dr. Newell qualified his opinion. On the other hand, Dr. Newell nevertheless testified that, to a reasonable degree of medical probability, the accident caused the disputed injury and necessitated the disputed treatment. The Board maintained the discretion to accept Dr. Newell's testimony on direct based upon (1) other corroborating evidence of record, and (2) Dr. Newell's rehabilitation on re-direct. As a result, the Board's reliance on his causation opinion did not constitute an abuse of discretion.

14.     Furthermore, even had the IAB abused its discretion by accepting the opinion Dr. Newell provided on direct, other evidence of record, in conjunction with Dr. Newell's other testimony, provided substantial evidence to support the Board's findings. As the Delaware Supreme Court recognized in *General Motors Corp. v.*

---

[24] Dr. Newell Dep. at 16-17.
[25] *Id.* at 22-24.

6

*Freeman*, testimony by a medical expert that the work accident possibly caused an injury, in conjunction with other credible evidence, can sustain a Board finding that an accident more likely than not caused the injury.[26] First, the *General Motors* decision recognizes the lack of a "magic words" requirement. It also provides a common law rule that such certainty in an expert opinion is not required in the IAB appellate context so long as other evidence of record bridges the gap.[27] Here, the work injury undisputedly caused initial injury to Mr. Anderson.[28] Furthermore, the Board accepted Mr. Anderson's testimony that he was suffering no pain or limitations before the accident but suffered them consistently after the accident. At a minimum, Dr. Newell's testimony, after his redirect, provided a permissible inference that the accident constituted a possible cause of the disputed treatment and wage loss. That inference, in conjunction with the other evidence of record, would have been independently sufficient to sustain the Board's decision.

15.     Finally, the subjective versus objective issues likewise do not control this appeal. In this case, all such issues fall within questions of witness credibility and the weight due the evidence. Those discretionary matters rest with the Board.[29] Moreover, the Board remained free to disregard Dr. Rushton's expert opinion, that in turn had addressed the implications of many of these subjective complaints versus objective findings.[30]

---

[26] *General Motors Corp.* 164 A.2d at 688.
[27] *Id.* At 689.
[28] R. at Ex. 6 ¶ 2.
[29] *See Bullock*, 1995 WL 339025, at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965) ("[t]he appellate court does not ... determine questions of credibility.").
[30] *See Cottman v. Burris Fence Const.*, 2006 WL 3742580, at *3 (Del. Dec. 19, 2006) (TABLE) ("[w]hen ... there is contradictory expert testimony supported by substantial evidence, it is within the Board's discretion to accept the testimony of one physician over another."); *See also Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1103 (Del. 2007) ("[i]t is well settled that the IAB is free to choose between conflicting medical testimony, and that the expert testimony which is relied upon will constitute substantial evidence for purposes of appeal.").

16.     On balance, the evidence of record contains substantial evidence to support the Board's finding that the work accident caused Mr. Anderson's continuing injury.  There is likewise substantial evidence to support the decision that the injury, in turn, necessitated the 2019 disputed medical treatment and wage loss. In this regard, the Board's decision did not exceed the bounds of reason when considered in light of the evidence of record.   Accordingly, the Board's decision must be sustained.

**NOW THERFORE**, for the reasons cited, the Board's decision in this matter is **AFFIRMED.**

**IT IS SO ORDERED.**

<u>/s/ Jeffrey J Clark</u>
Judge

cc:     Walt F. Schmittinger, Esquire
        John J. Klusman, Esquire
        Jocelyn N. Pugh, Esquire
        Industrial Accident Board
        Prothonotary