# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDA HOLLOWAY, an individual,   )
          )
   Employee-Appellant,   )
          )
   v.   )  C.A. No.: N20A-07-005 CEB
          )
STATE OF DELAWARE,   )
          )
   Employer-Appellee.   )

## ORDER

Submitted: March 22, 2021
Decided: June 9, 2021

*Upon Consideration of Appeal of the Decision of the
Industrial Accident Board,* **AFFIRMED.**

Tara E. Bustard, Esquire, DOROSHOW, PASQUALE KRAWITZ & BHAYA, Wilmington, Delaware. *Attorney for Employee-Appellant.*

Nicholas E. Bittner, Esquire, HECKLER & FRABIZZIO, Wilmington, Delaware. *Attorney for State of Delaware, Employer-Appellee.*

**BUTLER, R.J.**

In connection with the appeal of Linda Holloway ("Claimant") of the decision of the Industrial Accident Board ("IAB") against her and in favor of the employer, State of Delaware ("Employer"), the Court enters the following Order:

1. On July 31, 2017, Claimant slipped in a puddle of water on the bathroom floor at work, sustaining an injury to her spine, right knee, and right ankle. Claimant was a training specialist with the State. She was fired after the work accident because her back pain prevented her from returning to work.

2. On August 9, 2019, after her first Petition to Determine Additional Compensation Due to proceed with spine injections and an ablation was granted, Claimant filed a second Petition to Determine Additional Compensation Due, seeking approval of payment for a proposed lumbar surgery. The IAB conducted a hearing and denied Claimant's petition, ruling that the proposed surgery was not reasonable, necessary, or causally related to the 2017 work accident.

3. Claimant filed an appeal of the IAB ruling with this Court. Claimant alleges the IAB erred because 1) it determined an issue beyond the scope of the hearing, 2) it committed legal error when failing to address specific authority in its decision, and 3) its conclusions were not supported by substantial evidence.

4. The Court has jurisdiction over appeals from administrative agencies, including appeals from the IAB.[1] The Court's review of an agency's decision is

---

[1] 29 *Del. C.* § 10142(a).

limited to a determination whether the findings and conclusions are supported by substantial evidence and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court reviews the agency's legal determinations *de novo*.[4] Absent an error of law, the Court reviews for abuse of discretion.[5] The IAB has abused its discretion only when its decision has "exceeded the bounds of reason in view of the circumstances."[6] The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[7] The Court must give deference to the experience and specialized competence of the Board.[8]

5.    As stated, the IAB's decision favoring the Employer will be affirmed so long as it is supported by substantial evidence. A substantial evidence standard of review is not an invitation for the Court to examine each witness' testimony and weigh questions of credibility, all of which was done by the IAB.

---

[2] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965); *see also Glandon v. Land Prep Inc.*, 918 A.2d 1098, 1100 (Del. 2007).

[3] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016); *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[4] *Guardado*, 152 A.3d at 118; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[5] *Pers.-Gaines v. Pepco Hldgs., Inc.*, 981 A.2d 1159, 1161 (Del. 2009).

[6] *Willis v. Plastic Materials, Co.*, 2003 WL 164292, at *1 (Del. Super. Jan. 13, 2003).

[7] *ILC of Dover, Inc. v. Kelley*, 1999 WL 1427805, at *1 (Del. Super. Nov. 22, 1999) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[8] *Del. Transit Corp. v. Hamilton,* 2001 WL 1448239 (Del. Super. Oct. 31, 2001) (citing *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993)).

6. Claimant's difficulty in making her case that the proposed surgery was reasonable, necessary, and causally related to the work accident lies in the fact that Claimant has a prior history of severe spinal arthritis, which can lead to neurological weakness. In the two years following the accident, Claimant had no neurological or radicular complaints. Claimant had low back pain in relation to the work accident, which was back to normal levels at her June 2019 back examination. That same examination was devoid of neurological findings. According to Claimant's physician, her condition became surgical only when she exhibited neurological weakness at a December 4, 2019 exam. Moreover, the proposed surgery would not provide a stable fusion, as Claimant has two bones shifting on each other and would face a high risk of developing even greater instability after surgery.

7. As with many cases heard by the IAB, this one came down to a dispute between two medical expert opinions. Claimant had physician testimony to the effect that Claimant's spinal stenosis and related spine complications requiring surgery were reasonable, necessary, and causally related to the accident. Had the IAB chosen to do so, it could have sustained the physician's opinion.

8. But it is well-established in Delaware that the IAB may choose between conflicting testimony.[9] Employer had physician testimony that questioned whether

_____

[9] *See Noel-Liszkiewicz v. La-Z-Boy, Inc.*, 2012 WL 4762114, at *4 (Del. Super. Oct. 3, 2012) ("In a battle of experts, the Board is ordinarily free to favor one's expert

3

Claimant's medical problems were caused by the workplace injury or were simply a result of her severe spinal arthritis. The IAB chose to credit this testimony over that of the Claimant's experts. That is one possible result. The IAB is not required to resolve every gap, contradiction or internal inconsistency in the testimony.[10] Having reviewed the record, the Court concludes that there was no legal error in crediting defendant's expert's opinion and the IAB's decision was supported by substantial evidence.

9.     Claimant also points to the IAB's failure to address the standards of *Reese v. Home Budget Center*[11] and *Brittingham v. St. Michael's Rectory*[12] as another source of legal error. But the IAB did not fail to address the standards of but-for causation and reasonableness—it simply did not cite *Reeves* and *Brittingham* specifically.   The IAB concluded that the proposed surgery was caused by

---

testimony."); *See also DiSabatino Bros. Inc. v. Wortman*, 453 A.2d 102, 106 (Del. 1982).

[10] *See Kochis v. Connections, CSP*, 2021 WL 1712436, at \*2 (Del. Super. Apr. 30, 2021); *see also Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995) ("The function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board.").

[11] *Reese v. Home Budget Ctr.*, 619 A.2d 907 (Del. 1992) ("The 'but-for' definition of proximate cause . . . finds equal application . . . between an acknowledged industrial incident and its aftermath . . . . [I]f the accident provides the 'setting' or 'trigger,' causation is satisfied for purposes of compensability.")

[12] *Brittingham v. St. Michael's Rectory*, 788 A.2d 520 (Del. 2002) ("Reasonableness in turn resolves itself into a weighing of the probability of the treatment's successfully reducing the disability by a significant amount, against the risk of the treatment to the claimant." (quoting Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* §10.10[2], at 10-30 (2001))).

Claimant's prior neurological history and was not reasonable because Claimant faced a high risk of developing even greater instability after surgery. Whether the IAB did not cite *Reese* when discussing but-for causation or *Brittingham* when discussing reasonable treatment is an issue beyond the bounds of the Court's limited appellate review; the Court is only to determine whether the conclusion is supported by substantial evidence. Here, Employer's physician testimony presented substantial evidence indicating that the proposed surgery was not reasonable, necessary, or causally related. Thus, there was no legal error.

10. Absent legal error, Claimant argues in the alternative that the IAB's evaluation of Claimant's December 2019 neurological complaints abused its discretion and violated her due process rights. This argument is unavailing. Claimant herself requested an evaluation of Dr. Eskander's proposed surgery in her Petition. The proposed surgery was specifically linked to her December 2019 neurological changes: Dr. Eskander recommended surgery to unpinch Claimant's nerves based on said neurological changes and lack of improvement with former treatment. Without reviewing these neurological changes, the IAB could not determine whether the proposed surgery was reasonable, necessary, and causally related to the accident as requested by Claimant's Petition. Therefore, the Court finds that the IAB's review of Claimant's neurological changes in December 2019

was within the scope of the Petition before it and comported with due process.  Thus, the IAB did not abuse its discretion.

For the foregoing reasons, the decision of the IAB in favor of the Employer is **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge